Rose *v.* Greb.

4-4921

Opinion delivered January 31, 1938.

*Reid & Evrard,* for appellant.

*Claude F. Cooper* and *Russell J. Horsefield,* for appellee.

HUMPHREYS, J.   Appellee brought suit in the circuit court for and in the Chickasawba District of Mississippi county, Arkansas, against appellant to recover damages for injuries received in a collision between the automobile in which he was riding and a truck and trailer owned by appellant, through the alleged negligence of appellant's employee in parking or leaving the truck and trailer in such position on U. S. highway No. 61, about four miles south of Blytheville, that the right-hand wheels of the truck and its trailer were barely off of the paved portion of said highway, in the nighttime, without keeping the lights thereon burning so as to apprise anyone approaching from the rear that the truck and trailer had been parked or stopped on the highway.

Appellant filed an answer denying the allegations of negligence contained in the complaint, and interposed the affirmative defense that appellee was guilty of contributory negligence in driving at an excessive rate of speed and in failing to keep a lookout upon the highway for obstacles that might be in his path.

The cause was submitted to a jury under correct declarations of law upon negligence and contributory negligence, resulting in a verdict and judgment against appellant for $5,000, from which is this appeal.

The facts stated in the most favorable light to appellee are as follows:   The truck and trailer belonging to appellant going along highway No. 61, after dark, met a car occupied by a lady who had been forced to stop on account of car trouble.   She requested the truck driver to assist her in getting her car started.   The driver drove the truck up the highway about 60 feet and turned the truck to the right so that the right-hand wheels were just off of the edge of the pavement,

switched off all the lights on the truck except his two head-lights and one tail-light located underneath the bed at the rear of the trailer which tail-light was covered with mud so that it was not visible to one approaching from the rear. He then walked back to the lady's car to assist her in getting it started. The trailer had been painted an aluminum color. The pavement was black. Appellee and E. R. Lancashire, who were on an inspection tour for their respective employers, came along in a new Pontiac automobile, equipped with good brakes, lights and windshield wiper in good operating condition. It was dark, being about 7:30 o'clock p. m. and raining and for these reasons visibility was poor. They had been traveling at about 35 miles an hour, but when they noticed the lady's car they slowed down to about 30 miles an hour. The truck was parked about 60 feet north of the lady's car. Appellee and E. R. Lancashire did not see the truck or trailer until they got within a few feet of it, although they were looking toward the front, at which time the driver did all he could to stop the car, but seeing that he would be unable to do so he steered the left front wheel of the Pontiac into the end of the left dual wheel of the trailer thinking to do so would cause less damage than to strike it elsewhere. It was impossible to turn to the left around the truck as another car was coming toward him, or to turn to the right around the truck without running into the ditch.

The evidence detailed above is substantial and sufficient to support the verdict of the jury to the effect that the driver of the truck was negligent in stopping same on the highway after dark without turning on the lights so that travelers coming from the rear might see the trailer or truck; and also to the effect that appellee and the driver of the Pontiac car were operating it at a reasonable and prudent rate of speed and in the exercise of due care for their own safety. Or to state it differently the jury were warranted in finding from the evidence that appellant was negligent and that appellee was not guilty of contributory negligence.

Appellant argues that to travel at the rate of 30 miles an hour in the rain after dark is negligence as a matter of law and for that reason the court should have sustained appellant's charge that appellee was guilty of contributory negligence. Appellant makes the same argument with reference to appellee's failure to see the trailer stating, that on account of its color, it necessarily became a reflector for the lights from the Pontiac car and had appellee and the driver been keeping a lookout they could have seen the trailer in time to have stopped and avoided the collision. Appellant also argues that as appellee and the driver observed the lady's car on their left and those assisting her that they were not looking toward the front and keeping a proper lookout.

All these facts and circumstances and inferences that may be reasonably drawn from them, which are called to our attention were matters for the jury to consider in determining whether appellee and the driver of the Pontiac were guilty of contributory negligence.

No error appearing, the judgment is affirmed.